UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BEHAYLO,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE TOP-FLITE GOLF COMPANY,<br><br>                    Defendant. | CIVIL ACTION NO. 05-30178-KPN<br><br>**DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF RICHARD GIELOW** |

Plaintiff has filed an Opposition to Defendant's Motion for Summary Judgment. Included with the materials is a Statement of Disputed Fact[1] which sets forth certain facts in reliance upon Richard Gielow's affidavit, attached thereto as Exhibit 6. Defendant submits that those portions of the Affidavit do not satisfy the requirements of Rule 56(e) and should be stricken.  Thus, under Fed. R. Civ. P. 56(e), affidavits in opposition to a Motion for Summary Judgment must be based on "personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein." Affidavits, or portions thereof, that fail to comply with the Rules cannot be considered in a determination whether or not to grant summary judgment.  <u>Posadas de Puerto Rico, Inc. v. Radin</u>, 856 F.2d 399, 401 (1st Cir. 1988); <u>FDIC v. Roldan Fonseca</u>, 795 F.2d 1102, 1110 (1st Cir. 1986) (holding that where receipts submitted to support opposition to summary judgment constituted inadmissible hearsay, party failed to comply with Rule 56(e)).  This includes hearsay testimony within an affidavit that would not otherwise be admissible at trial. <u>Vazquez v. Lopez-Rosario</u>, 134 F.3d 28, 33 (1st Cir. 1998).  To the extent the affidavit at ¶ 3 and (in part) does not comply with the rule, that portion should be stricken, the portions of the Plaintiff's Statement of Disputed Facts should be

---

[1] Defendant has filed a detailed response to the "Statement of Undisputed Facts" which notes that "Plaintiff's Statement appears to be an amalgam of facts on which there appears to be substantive agreement with the Defendant's prior Statement, opinion and/or argument, putative additional facts that Defendant does not dispute, and additional facts that, Defendant would submit, are either not supported by the referenced material, or supported by reference material that satisfy the requirements of Fed. Rule Civ. P. Rule 56(e)."

stricken, and the assertions contained therein disregarded in ruling on its Motion for Summary Judgment.

### Paragraph 3, Of The Affidavit Fails To Provide A Basis For Its Admission And Should Be Stricken

The affidavit at Paragraph 3 asserts that "to his observation from working in the department" Gorman had a similar role and responsibility.  There is nothing in the affidavit that would allow the court to ascertain, to any degree, the extent of such "observation", what he knew of what Paul Duval had done, and what he knew of what Gorman was doing for the time that they weren't together.  There is no indication that they worked in the same office, or that he was able to actually observe the work done by Gorman while he was performing his own duties.  This is simply a conclusionary statement that must be stricken.

### Portions of Paragraph 4 Of The Affidavit Should Be Stricken

The first three sentences of Paragraph 4 of the affidavit are seemingly based on first-hand knowledge and are not subject to this motion.  The balance, based on information Gielow "discovered" about what occurred at the Company following his departure is, quite obviously, based on hearsay from uncorroborated sources and must be stricken.

Respectfully Submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO #405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:  February 2, 2007          Tel. (413) 737-4753/Fax (413) 787-1941

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy6 of the foregoing *Defendant's Motion to Strike Portions of the Affidavit of Richard Gielow* was served upon the attorney of record for each other party via electronic filing and first-class, U.S. mail, postage prepaid, on February 2, 2007.

                                                                     /s/ Jay M. Presser, Esq.
                                                                    Jay M. Presser, Esq.