UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BEHAYLO,<br><br>    Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL OPERATIONS, INC.,[1]<br><br>    Defendant. | CIVIL ACTION NO. 05-30178- KPN<br><br>**MOTION TO CORRECT PROCEDURAL ORDER AND SCHEDULING ORDER** |

  Four former employees, including the above-named Plaintiff, have filed separate Complaints against Defendant, Callaway Golf Ball Operations, Inc. (formerly Top-Flite Golf Company), relating to their layoff.  The case names and numbers are as follows:

  1. Michael Behaylo v. Callaway Golf Ball Operations, Inc.-CV#05-30178-KPN

  2. John Bettencourt v. Callaway Golf Ball Operations, Inc.-CV#05-30179-KPN

  3. Paul Duval v. Callaway Golf Ball Operations, Inc.-CV#05-30181-KPN

  4. Gary J. Lonczak v. Callaway Golf Ball Operations, Inc.-CV#05-30180-KPN

*The Plaintiff has never moved to consolidate said cases for trial and they have never been consolidated for trial.*

  At a Case Management Conference on October 12, 2007, the court established various dates, including a date to complete mediation[2]; designate and depose trial experts, etc.  At said conference the Defendant expressly indicated that it would strongly oppose any motion by Plaintiff to consolidate the cases for trial, believing that

---

  [1]The court, on June 22, 2007, allowed the substitution of Callaway Golf Ball Operations for the Top-Flite Golf Company.

  [2]Mediations, conducted during the week of November 19, 2007 were unsuccessful.

1

any such consolidation would be highly prejudicial to Defendant and confusing to the jury.  Consequently, *the court, at said conference, expressly set deadlines for Plaintiffs to file motions requesting consolidation, and for Defendant to oppose any such motion*.  The court, at said conference, also set each of the four cases for trial, on four *sequential* Mondays commencing March 3, 2008.[3]

The subsequent Scheduling Order and Procedural Order issued by the court have, presumably inadvertently, seemingly consolidated all four cases for trial, although no motion to consolidate has ever been filed or decided, scheduling each case for trial on March 3, 2008.  Further, the scheduling orders for each case did not reference the deadline relative to any putative Motion to Consolidate the cases for trial.  Thus, these procedural orders are inconsistent with the court's orders established at the Case Management Conference and, to the extent that they consolidate the cases *sua sponte* negating the Defendant's ability to oppose any such consolidation (should Plaintiffs so move), such actions greatly prejudice Defendant.  Accordingly, the Defendant respectfully requests that the court modify the orders to be consistent with the orders issued at the Case Management conference.

                              Respectfully submitted,

                                /s/ Jay M. Presser, Esq.
                              Jay M. Presser, Esq.
                              BBO No. 405760
                              Counsel for Defendant
                              Skoler, Abbott & Presser, P.C.
                              One Monarch Place, Suite 2000
                              Springfield, Massachusetts  01144
Dated:   November 27, 2007            Tel.:  (413) 737-4753/Fax: (413) 787-1941

---

[3]The court may recall that this was done although the undersigned indicated that he had vacation plans for the week of March 10, 2008.

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Motion To Correct Procedural Order And Scheduling Order* was served upon the attorney of record for each other party electronically and by first-class, U.S. mail, postage prepaid, on November 27, 2007.

          /s/ Jay M. Presser, Esq.
          Jay M. Presser, Esq.