UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BEHAYLO,<br>      Plaintiff<br><br>vs.<br><br>CALLAWAY GOLF BALL -OPERATIONS, INC.,<br>      Defendant | )<br>)<br>)<br>)  CIVIL ACTION NO.: 05-30178-KPN<br>)<br>)<br>) |

**Consolidated With:**

| | |
|---|---|
| JOHN BETTENCOURT,<br>      Plaintiff<br><br>vs.<br><br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br>      Defendant | )<br>)<br>)<br>)  CIVIL ACTION NO.: 05-30179 KPN<br>)<br>)<br>) |

## MOTION IN LIMINE TO EXCLUDE DEFENDANT'S STATISTICAL EVIDENCE

    Now comes the plaintiff and moves in limine to exclude defendant's proposed statistical evidence for the reasons cited below.

    Plaintiff expects the defendant will attempt to present gross statistic numbers showing that the overall age of the whole work force at its Chicopee plant did not change or did not increase from prior to the 2004 layoffs until after the 2004 layoffs. The defendants have not identified any expert for the presentation of this statistical evidence. Plaintiff therefore understands that the information would be presented without any analysis as to its statistical significance, without any reference to its context, without any distinctions among groups or divisions, the remainder of the Callaway operation, or any particular analysis of comparable employees to the plaintiffs.

Plaintiff believes the evidence is neither relevant nor competent.

In *Hazelwood School District v. United States*, 433, U.S. 299, 313 (1977), the U.S. Supreme Court stated: "As this Court admonished in *Teamsters,* statistics…come in an infinite variety…their usefulness depends on all of the surrounding facts and circumstances. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). The *Hazelwood* Court also stated that there was a need to address the context of statistics in order to determine their significance, by making reference to a standard deviation as a measure of predicted fluctuation from the expected value of the sample. Citing *Castaneda v. Partida*, 430 U.S. 482, 496-497 (1976).

In *Simpson v. Midland-Ross Corp.*, 823 F2d. 937 (Sixth Cir. 1987), the Sixth Circuit held that a before and after comparison of the age of a workgroup was "fundamentally irrelevant" because it was not sufficiently probative. It did not take into account other factors such as age differences arising out of low turnover or experience levels required for different jobs. In *Lakshman v. University of Maine System*, 328 F.Supp. 2d 92 (D. ME. 2004), the District Court held that statistical evidence must be evaluated in light of the methodology used and its dependability. Several courts have noted that statistical evidence is particularly difficult in age cases. In *Walther v. Lone Star Gas Company*, 952 F.2d 119, 124 (5th Cir. 1992), <u>rehearing denied with per curiam decision,</u> 977 F.2d 161, (5th Cir. 1992), the Fifth Circuit held "particularly in age discrimination cases where innumerable groupings of employees are possible according to ages and divisions within the corporate structure, statistics are easily manipulated and may be deceptive. "*Wather,* at 124. *See also, Mastie v. Great Lakes Steel Corp.*, 424 F.Supp. 299 (E.D. Mich. 1996) (holding that an average reduction in age presented by a plaintiff of 1.29 years was not significant). *c.f. Goldman v. First National Bank of Boston*, 1992 WL

142031 D. Mass., 59 Fep. Cases (BNA) 204 (General percentage statistics which excluded employees from some divisions, and did not include the circumstances of employees reapplying for jobs held not to be probative).

Here, Defendant has no expert analysis and presents no methodology to demonstrate the significance or meaning of the statistics.

For these reasons, the defendant's presentation of gross statistics without reference to any particular set of circumstances and without any analysis of their significance or meaning in the overall context of the defending company, is inappropriate and should be excluded.

THE PLAINTIFFS, MICHAEL BEHAYLO and
JOHN BETTENCOURT
BY THEIR ATTORNEY

Dated: February 21, 2008

/S/ Maurice M. Cahillane
Maurice M. Cahillane, Esq.
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 069660

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this 21st day of February, 2008, on all parties, by hand delivery or First Class Mail, postage prepaid, to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.

/S/ Maurice M. Cahillane
Maurice M. Cahillane, Esquire

12074-050132\Document in ProLaw